IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

OMARR T. MOORE,

Case No. 15-cv-1245-pp

Petitioner,

v.

RANDALL HEPP,

Respondent.

**ORDER SCREENING PETITION (DKT. NO. 1)**

I. INTRODUCTION

On October 16, 2015, Omarr T. Moore, representing himself, filed a petition pursuant to 28 U.S.C. §2254, asserting that his state conviction and sentence violated the Constitution. Dkt. No. 1. With the petition, he filed a motion for leave to proceed *in forma pauperis*, Dkt. No. 4, and his prisoner trust fund account statement, Dkt. No. 3. On November 12, 2015, the court denied his motion for leave to proceed *in forma pauperis* and ordered him to pay the $5.00 filing fee in full. Dkt. No. 6. He paid the filing fee on November 18, 2015, and now the court will screen his petition.

In 2008, the petitioner faced three counts of armed robbery with force and one count of taking hostages in Milwaukee County Circuit Court. State v. Moore, No. 2008CF003815, available at https://wcca.wicourts.gov. He entered a plea pursuant to North Carolina v. Alford, 400 U.S. 25 (1970) (see Warren v. Richland Cnty. Cir. Ct., 223 F.3d 454, 456 n.1 (7th Cir. 2000), noting that "[a]n

1

*Alford* plea allows the defendant to enter a guilty plea while maintaining his innocence . . . .") on one count of armed robbery and one count of taking hostages, while the other two counts were dismissed and read in. Id. On October 15, 2010, the state court sentenced the petitioner to eight years of imprisonment and six years of supervised release for taking hostages, and eight years of imprisonment and six years of supervised release for the armed robbery charge (to run concurrently). Id. The court entered the judgment of conviction on October 20, 2010. Id. Currently, the petitioner is incarcerated at Fox Lake Correctional Institution. Dkt. No. 1 at 1.

The petitioner raises five claims. Dkt. No. 1 at 14-18. First, he argues that the "[t]rial [c]ourt erred in denying [his] motion to suppress [his confession]." Id. at 14. According to the petitioner, the court "wrongfully relied on an unenhanced recording of defendant's confession," which caused the court to determine that the petitioner was "untruthful." Id. The court interprets this as a claim arising under the Fifth Amendment.

In ground two, the petitioner asserts that he "was denied effective assistance of trial counsel, where counsel refused to provide an enhancement of the . . . interrogation" of the petitioner. Id. According to the petitioner, this enhancement "was a critical, yet missing piece of evidence needed to support [his] position of being coerced into a confession as well as his being denied his medication by interrogating authorities." Id. The court interprets this as a claim arising under the Sixth Amendment.

2

Third, the petitioner states that "Detective Gomez utilized a plethora of illegal and unconstitutional interrogation tactics that duped the defendant into giving a confession." Id. at 15. He provides the details of the interrogation, which he states included a denial of his right to an attorney, a denial of his request for his medication for mouth pain, and a delayed reading of his Miranda rights. Id. at 15-16. The court interprets this claim as an allegation that he was coerced to confess in violation of the Fifth Amendment.

The petitioner titles his fourth claim, "Affidavit from Gabriel Fields." Id. at 16. The petitioner states, "Mr. Fields submitted an affidavit on behalf of Mr. Moore" that "will attest to the illegal tactics that Detective Gomez employed on him." Id. In the affidavit, Mr. Fields describes the time Detective Gomez interrogated him. Dkt. No. 1-1 at 14-15. The court finds that ground four directly relates to the issues raised in claim three, and that these claims directly relate to the argument the petitioner makes in claim one. Therefore the court will combine claims one, three, and four into one claim raised under the Fifth Amendment.

Fifth, the petitioner states that he received ineffective assistance from his appellate counsel, because that attorney failed "to subpoena Detective Gomez for the 2013 suppression hearing and fail[ed] to request a continuance to produce the State's principle [sic] witness Detective Gomez." Dkt. No. 1 at 16-17. This is a claim arising under the Sixth Amendment.

3

## II.     EXHAUSTION OF REMEDIES

In order to decide whether to allow this case to move forward, the court first must determine whether the petitioner appears, on the face of his petition, to have exhausted his state remedies on these claims. Section 2254 states, "An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State . . . ." The United States Court of Appeals for the Seventh Circuit has held that a district court judge cannot consider the merits of a petitioner's habeas argument "unless the state courts have had a full and fair opportunity to review them." Farrell v. Lane, 939 F.2d 409, 410 (7th Cir. 1991). This means, basically, that before a person can get a federal judge to review his arguments on a *habeas* petition, that person first must appeal the issue all the way up to the highest court in the state for a ruling on the merits. Lieberman v. Thomas, 505 F.3d 665, 669 (7th Cir. 2007) (citations omitted). When a federal judge reviews a petition and realizes that the petitioner has not exhausted his state-court remedies, the judge may either dismiss the case entirely, stay the federal case to let the petitioner go back to state court to exhaust his remedies, or allow the petitioner to amend his petition to remove the unexhausted claims. 28 U.S.C. §2254(b)(1)(A). See also Rhines v. Weber, 544 U.S. 269, 278 (2005); Rose v. Lundy, 455 U.S. 509, 510 (1982); Dressler v. McCaughtry, 238 F.3d 908, 912 (7th Cir. 2001).

4

On October 15, 2010, the Milwaukee County Circuit Court sentenced the petitioner. Dkt. No. 1 at 1. On October 20, 2010, the Milwaukee County Circuit Court entered a judgment of conviction against him. State v. Moore, No. 2008CF003815, available at https://wcca.wicourts.gov. A review of the state-court docket reveals that the petitioner next filed a motion for post-conviction relief with the trial court, and a notice of appeal to the Wisconsin Court of Appeals. The court of appeals did not rule on the appeal until the trial court had addressed the post-conviction motion. Id.

In the post-conviction motion, the petitioner asked the trial court to vacate his conviction and to grant him a new trial. Id. at 6. On April 18, 2013, the circuit court held in abeyance the motion to vacate the conviction and granted the request for a new hearing. Id. See also Dkt. No. 1-1 at 12-13. The court held a hearing, but the State did not recall Gomez, and the petitioner did not testify again, either. Id. at 5, ¶10. After receiving and reviewing the evidence, the trial court upheld its ruling refusing to suppress the evidence. Id. On November 12, 2014, the court of appeals affirmed the judgment of conviction. Id. at 11.

The petitioner attached to the petition the decision from the Wisconsin Court of Appeals. Dkt. No. 1-1 at 1-11. The court noted that the petitioner "appeals from a judgment of conviction, entered upon his Alford plea, on one count of armed robbery as party to a crime and one count of hostage-taking." Id. at 1-2 (citation omitted). The decision also considered his "appeal[] from an order denying his postconviction motion, which sought reconsideration of a

5

Case 2:15-cv-01245-PP   Filed 01/04/16   Page 5 of 10   Document 7

motion to suppress incriminating statements [the petitioner] gave to police." Id. at 2. The decision then states, "Moore appeals, challenging only the circuit court's decision denying the postconviction motion." Id. at 5. This aligns with the petitioner's description of that appeal in the current federal *habeas* petition, in which the petitioner indicates that he raised only one issue on appeal: "[w]rongful denial of defendant's 'motion to suppress' in trial court." Dkt. No. 1 at 2.

The petitioner then sought review from the Wisconsin Supreme Court, and that court denied his petition on February 10, 2015. Id. at 2. According to the federal petition, he raised the following issues before the Wisconsin Supreme Court: (1) wrongful denial of the motion to suppress; (2) ineffective assistance of trial counsel; (3) ineffective assistance of appellate counsel; and (4) "[w]hether the aforesaid errors nullified appellant's 'Alford Plea.'" Id.

Based on the assertions the petitioner makes on the face of the petition, the court cannot determine whether or not he has exhausted his state remedies on any of the three claims he has raised in the current petition: (1) the denial of his motion to suppress his allegedly coerced confession; (2) ineffective assistance of trial counsel; and (3) ineffective assistance of appellate counsel. The court will consider whether these three claims (grounds one, two and five) are the type for which a federal court can grant *habeas* relief, but notes that it has not made a full review of whether the plaintiff properly exhausted these three claims, or whether he has procedurally defaulted on any

6

of these claims; nothing in this order prevents the respondent from raising the exhaustion issue in his pleadings.

### III. AVAILABILITY OF FEDERAL RELIEF

The court now considers whether the petitioner has raised claims for which the court might grant federal *habeas* relief. Section 2254(a) allows a federal district court to consider the merits of a *habeas* petition when the petitioner claims "that he is in custody in violation of the Constitution or laws or treaties of the United States." Rule 4 of the Rules Governing §2254 Cases requires a district court to "screen" a §2254 petition, to make sure the petition alleges a claim for which a federal court may grant habeas relief. That rule says:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

In "screening" a §2254 petition, the court tries to figure out whether the petitioner has laid out cognizable constitutional or federal law claims.

The petitioner's second and fifth claims—that he received ineffective assistance of counsel from his trial attorney and his appellate counsel—are claims arising under the Sixth Amendment to the Constitution. That amendment guarantees a defendant in a criminal trial the right to have "assistance of counsel for his defense;" to be meaningful, that assistance must be effective. Strickland v. Washington, 466 U.S. 668 (1984). The court finds

7

that the petitioner's second and fifth claims are claims for which a federal court could grant *habeas* relief (in the event that the plaintiff has exhausted them, and that the court finds, after further briefing, that they have merit).

The petitioner's first claim, that the trial court improperly denied his motion to suppress his confession, arises under the Fifth Amendment, which protects defendants from self-incrimination and places certain obligations on police officers when questioning persons in custody. Specifically, when a petitioner challenges a Miranda waiver, "two distinct questions are presented: whether the waiver was voluntary, knowing, and intelligent as a matter of fact, and whether it was involuntary as a matter of law." Henderson v. DeTella, 97 F.3d 942, 946 (7th Cir. 1996) (citation omitted). This is a claim for which this court could grant *habeas* relief (again, in the event that the plaintiff has exhausted it and that, after further briefing, the court finds that it has merit).

## IV. CONCLUSION

For the above reasons, the court **ORDERS** that the petitioner may proceed on grounds one, two, and five listed in his petition (the Sixth Amendment claims and the Fifth Amendment claim).

The court **ORDERS** that within sixty (60) days of the date of this order, the respondent shall **ANSWER OR OTHERWISE RESPOND** to the petition, complying with Rule 5 of the Rules Governing §2254 Cases, and showing cause, if any, why the writ should not issue.

The court **ORDERS** that the parties must comply with the following schedule for filing briefs on the merits of the petitioner's claims:

(1) the petitioner has **forty-five (45) days** after the respondent files his answer to file his brief in support of his petition;

(2) the respondent has **forty-five (45) days** after the petitioner files his initial brief to file the respondent's brief in opposition; and

(3) the petitioner has **thirty (30) days** after the respondent files his opposition brief to file a reply brief, if the petitioner chooses to file such a brief.

If, instead of filing an answer, the respondent files a dispositive motion, the respondent must include a brief and other relevant materials in support of the motion. The petitioner then must file a brief in opposition to that motion within **forty-five (45) days** of the date the respondent files the motion. If the respondent chooses to file a reply brief, he must do so within **thirty (30) days** of the date the petitioner files the opposition brief.

Pursuant to Civil Local Rule 7(f), briefs in support of or in opposition to the habeas petition and any dispositive motions shall not exceed **thirty (30)** pages, and reply briefs may not exceed **fifteen (15)** pages, not counting any statements of facts, exhibits and affidavits.

Pursuant to the Memorandum of Understanding between the Attorney General and this court, the court will send a copy of the petition and this order

9

to the Attorney General for the State of Wisconsin and to the Warden of Fox Lake Correctional Institution.

Dated in Milwaukee, Wisconsin this 4th day of January, 2016.

BY THE COURT:

HON. PAMELA PEPPER
United States District Judge