UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

OMARR T MOORE,

        Petitioner,

v.

        Case No. 15-cv-1245-bhl

RANDALL HEPP,

        Respondent.

## ORDER DENYING §2254 HABEAS PETITION

On the eve of Independence Day, 2008, an Advance Auto Parts Store assistant manager closed up shop and headed home where he was met by two masked men armed with handguns. (ECF No. 18 at 9.) The men took his seven-month-old daughter hostage and forced him to return to work to retrieve money from the company safe. (*Id.* at 9-10.) Less than two weeks later, two masked men robbed Mill Road Auto Salvage in similar fashion. (*Id.* at 10.) Ten days after that, two men matching the robbers' description carjacked a woman outside of her residence in downtown Milwaukee. (*Id.* at 11.) Police brought Petitioner Omarr T. Moore in for questioning, and he admitted to participating in the auto parts store robbery and the carjacking but denied involvement in the salvage yard robbery. (ECF No. 22 at 2.) He later unsuccessfully moved to suppress this confession on the grounds that it was obtained in violation of *Miranda v. Arizona*, 384 U.S. 436 (1966). (ECF No. 18 at 6.) Moore then entered *Alford* pleas on one count of armed robbery and one count hostage taking. (*Id.*) He was sentenced to eight years of initial confinement and six years' extended supervision on both counts, with the sentences to run concurrently. (*Id.*)

Moore's appellate counsel initially filed a no-merits direct appeal in the Wisconsin Court of Appeals. (ECF No. 22 at 3.) Counsel later changed tactics, however, and voluntarily dismissed the appeal when an enhanced recording of Moore's custodial interrogation surfaced. (*Id.*) Back in the Milwaukee County Circuit Court, counsel successfully moved for reconsideration of the prior suppression ruling based on the enhanced recording. (*Id.*) This apparent victory was short-lived,

however, as the trial court later reaffirmed its initial ruling, albeit for different reasons. (*Id.* at 2-3.) Moore then renewed his appeal, arguing that the trial court incorrectly concluded that the State had met its burden to show that his statements were voluntary and properly obtained. (ECF No. 18 at 8.) On November 12, 2014, the Wisconsin Court of Appeals affirmed the trial court's ruling. (*Id.*) On November 20, 2014, Moore's appellate counsel filed a no-merit petition for review to the Wisconsin Supreme Court. (*Id.*) Moore responded with a brief delineating the issues he thought appropriate for review. (*Id.*) On February 10, 2015, the Wisconsin Supreme Court declined to hear the case. (*Id.* at 9.)

On October 16, 2015, Moore filed a petition for a writ of habeas corpus under 28 U.S.C. Section 2254 with this Court. (ECF No. 1.) In it, he argues that he is entitled to postconviction relief because the trial court's suppression ruling violated clearly established federal law and because his trial and appellate attorneys provided ineffective assistance. (*Id.*) To the contrary, the record confirms that the trial court's ruling did not violate federal law, and his ineffective assistance claims are procedurally barred. Thus, the petition will be dismissed.

## LEGAL STANDARD

To obtain federal habeas relief, Moore must prove that his state court custody is "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §2254(a). To carry this burden, he must show that the Wisconsin courts rejected his claims "in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. §2254(d)(1), or "in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. §2254(d)(2). In addition, he must show that the constitutional errors he identifies caused his conviction. *Engle v. Isaac*, 456 U.S. 107, 134-35 (1982).

## ANALYSIS

Moore's petition raises three grounds for relief: (1) the Wisconsin courts wrongly denied his suppression motion; (2) trial counsel provided ineffective assistance; and (3) appellate counsel provided ineffective assistance. Only the first underwent a full round of review before the state courts, so only that ground is properly before this Court for consideration. And a review of the state court record shows that Moore's custody is not violative of the Constitution, laws, or treaties of the United States. Therefore, his petition must be denied.

## I. The Wisconsin Court of Appeals Did Not Err in Affirming the Circuit Court's Ruling.

Moore comes before the Court convinced that he introduced more than enough evidence to doubt the propriety of his confession and prohibit its use at trial. The Wisconsin state courts disagreed. A federal habeas court reviews "the decision of the last state court to rule on the merits of the petitioner's claim." *Charlton v. Davis*, 439 F.3d 369, 374 (7th Cir. 2006) (citation omitted). In this case, that was the Wisconsin Court of Appeals. Accordingly, to resolve Moore's petition, this Court must review that court's decision, applying Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) deference, unless the decision was contrary to federal law. *Mosley v. Atchison*, 689 F.3d 838, 844 (7th Cir. 2012).

The trial court held two *Miranda*/*Goodchild* hearings regarding Moore's inculpatory statements.[1] (ECF No. 1-1 at 3.) At the first, the court listened to the recorded portion of Moore's interrogation, and both Moore and the interviewing officer, Detective Rodolfo Gomez, testified. (*Id.*) Moore argued his statements should be suppressed because—according to him—prior to the recorded portion of the interrogation, Detective Gomez rejected his requests for an attorney, threatened him, and conditioned receipt of pain medication on a confession. (*Id.* at 3-4.) Gomez denied all of this. (*Id.*) The trial court ultimately found Moore's statements admissible, leading to his *Alford* plea. (*Id.* at 4.) A few years later, the trial court agreed to reconsider its ruling in light of new evidence that corroborated some of Moore's claims. (*Id.* at 5.) This time, neither Moore nor Detective Gomez testified, so the court had only to reweigh the evidence taking into consideration additional evidence that: (1) "Moore did ask for his medication [and] Gomez misstated the facts when he testified otherwise," and (2) Gomez had since been terminated and charged with misconduct in public office for attacking a suspect during a recorded interrogation. (*Id.* at 5-7.) In his habeas petition, Moore argues that, given the strength of this new evidence, the State failed to carry its burden at the second hearing, so his suppression motion should have been granted.

At a *Miranda*/*Goodchild* hearing, the State must prove, by a preponderance of the evidence, that the defendant knowingly and intelligently waived his *Miranda* rights and gave his statements voluntarily. *See State v. Jiles*, 663 N.W.2d 798, 807 (Wis. 2003). A state appellate

---

[1] A *Miranda* hearing is used to determine whether a defendant waived his constitutional rights before giving a statement. *See State v. Woods*, 345 N.W.2d 457, 464-65 (Wis. 1984). A *Goodchild* hearing is used to determine the voluntariness of that statement. *See State ex rel. Goodchild v. Burke*, 133 N.W.2d 753, 762 (Wis. 1965).

court defers to a circuit court's factual findings on this matter unless clearly erroneous, but reviews application of constitutional principles to those findings de novo. *State v. Casarez*, 762 N.W.2d 385, 388-89 (Wis. Ct. App. 2008). "[A]rticulated assessments of credibility and demeanor" are also afforded deference on appeal. *State v. Carter*, 782 N.W.2d 695, 703 (Wis. 2010). This system of deference is fatal to Moore's habeas petition.

As the Wisconsin Court of Appeals noted, "[t]he insurmountable barrier against which Moore finds himself . . . is that the circuit court's legal conclusions are premised on factual findings to which this court defers." (ECF No. 1-1 at 7.) In other words, the circuit court's factual determinations compelled certain legal conclusions, and because Moore did not upset those factual determinations, he left the court of appeals with no choice but to affirm. For example, the circuit court found that Moore's refusal to sign a written copy of his statement without a lawyer present implied that he was not too intimated to request counsel, and reaffirmed its determination that he did not make such a request before the recording began. (*Id.* at 8.) The circuit court based this finding on Moore's credibility, not Detective Gomez's, so Gomez's now well-established tenuous relationship with the truth had no impact. (*Id.*) Deferring to the circuit court's credibility determination—as was required—the Wisconsin Court of Appeals agreed that the State had carried its burden on this issue. (*Id.*) With respect to Moore's claim that his pain rendered his confession involuntary, the circuit court noted that newly discovered evidence did corroborate the claim of pain generally, but it did not find the pain was severe enough to disable Moore's ability to resist police pressure. (*Id.* at 9.) It based this finding on the fact that Moore's speech was not affected in any way, he did not struggle to respond to questions, and he never complained of pain directly. (*Id.*) Again, deferring to these factual findings, the Wisconsin Court of Appeals found no error. (*Id.*) As to Moore's claim that Detective Gomez threatened him into confession, the circuit court did note that, on reconsideration, a pure battle of credibility between Moore and Gomez would resolve in the former's favor. (*Id.* at 10.) But it found objective factors sufficient to satisfy the State's burden. Specifically, it found that Detective Gomez's congenial tone throughout the recorded interrogation decreased the likelihood that he had "just spent 10-15 minutes verbally assaulting, intimidating or otherwise abusing Mr. Moore." (*Id.*) And it found that recent revelations indicated that Detective Gomez had no issue employing physical or verbal intimidation while recorded, so it would be odd for him to significantly alter his demeanor for the camera in

this case. (*Id.*) As with the previous two occasions, the Wisconsin Court of Appeals accepted these factual findings as true and reached the legal conclusion they entailed. (*Id.* at 10-11.)

No part of the Court of Appeals' analysis is contrary to, or an unreasonable application of, federal law. And to the extent Moore meant to demonstrate an unreasonable application of the facts in light of the evidence, he has not rebutted the presumption of accuracy afforded to state court findings of fact "by clear and convincing evidence." 28 U.S.C. §2254(e)(1). This precludes his attempt to obtain habeas relief on the state court's handling of his suppression motion.

Moore's brief also raises arguments based on *Missouri v. Seibert*, 542 U.S. 600 (2004), and *State v. Bond*, 614 N.W2d 552 (Wis. Ct. App. 2000). (ECF No. 18 at 19-33.) *Seibert* concerned a police tactic where *Miranda* warnings were deliberately withheld until the suspect had given an initial confession. *Seibert*, 542 U.S. at 604-11. *Bond* set out the five-factor test used to identify "interrogation" and its functional equivalents. *Bond*, 614 N.W.2d at 560-61. Neither case is particularly relevant here. Moreover, any argument arising from either case was never fairly presented to the state courts. Before filing in federal court, a habeas petitioner must have "fully and fairly presented his claims to the state appellate courts," thereby giving the courts a "meaningful opportunity to consider the substance of the claims that he later presents in his federal challenge." *Bintz v. Bertrand*, 403 F.3d 859, 863 (7th Cir. 2005). Moore's state court appeal alleged an absence of credible testimony that would permit the State to carry its burden at the *Miranda*/*Goodchild* hearing. (ECF No. 22 at 20.) That is not the same as a claim that police deliberately employed an illegal tactic. In his reply brief, Moore contends that he did present *Seibert* and *Bond* to the Wisconsin Court of Appeals because his response to his attorney's initial no-merits brief cited them. (ECF No. 26 at 8-10.) But that no-merits appeal was voluntarily withdrawn upon discovery of the enhanced recording. (ECF No. 22 at 3.) The Court of Appeals, therefore, had no opportunity to consider the operative facts and legal principles governing claims related to cases cited in that appeal. *See Bintz*, 403 F.3d at 863. Accordingly, because any claims based on *Seibert* and *Bond* were not fairly presented to the state courts, this Court may not consider them. Even if they had been fairly presented, it is difficult to see how such claims would entitle Moore to relief.

Moore also attempts to support his arguments with a new affidavit. But this evidence was never presented to the Wisconsin state courts and was, in fact, created after the Wisconsin Court of Appeals had affirmed Moore's judgment of conviction. (ECF No. 22 at 25.) "[R]eview under

§ 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011). This Court cannot, therefore, consider a post hoc affidavit.

II.     **Moore Procedurally Defaulted on His Ineffective Assistance of Counsel Claims.**

A habeas petitioner procedurally defaults on his claims when he fails to seek timely review via appropriate state court channels. *See United States v. Brown*, 870 F.2d 1354, 1358 (7th Cir. 1989). A federal court can only excuse this default if the petitioner is able to show cause and prejudice or a fundamental miscarriage of justice. *See Coleman v. Thompson*, 501 U.S. 722, 750 (1991). "Cause for a default is ordinarily established by showing that some type of 'external impediment' prevented the petitioner from presenting his claim." *Promotor v. Pollard*, 628 F.3d 878, 887 (7th Cir. 2010) (citing *Lewis v. Sternes*, 390 F.3d 1019, 1026 (7th Cir. 2004)). "Prejudice is established by showing that the violation of the petitioner's federal rights 'worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions.'" *Id.* (emphasis in original). To invoke the miscarriage of justice exception, the petitioner must "show that he is actually innocent of the offense for which he was convicted, i.e., that no reasonable juror would have found him guilty of the crime but for the error(s) he attributes to the state court." *Lewis*, 390 F.3d at 1026 (citing *Schlup v. Delo*, 513 U.S. 298, 327-29 (1995)).

Moore's appeal from the second suppression hearing did not raise ineffective assistance of counsel claims. (ECF No. 22 at 24.) As a result, the claims are now procedurally defaulted. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999). Moore argues that the claims were presented to the state courts because, at least the claim against trial counsel, was present in his response to his attorney's original no-merits brief. (ECF No. 26 at 8-9.) Once again, the Wisconsin Court of Appeals never had an opportunity to consider arguments raised on that appeal because it was voluntarily dismissed. (ECF No. 22 at 3.) The entire purpose of the fair presentment requirement is to give state courts the first chance to address the issues a petitioner raises in federal habeas. A state court can no more address an issue that is raised but revoked than a diner can consume a hamburger that is immediately snatched from his plate. This is not *fair* presentment. Moore is therefore barred from raising his ineffective assistance of counsel claims unless he can show cause and prejudice or a miscarriage of justice. He has not even attempted to show either. Therefore, the Court cannot consider these grounds for relief.

## CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that petitioner's §2254 petition for relief, ECF No. 1, is **DENIED**, and the case is **dismissed**. The Clerk of Court is directed to enter judgment accordingly.

**IT IS FURTHER ORDERED** that a certificate of appealability **SHALL NOT ISSUE** because the Court does not find that any reasonable jurist could debate the petition should have been resolved in a different manner. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Dated at Milwaukee, Wisconsin on May 18, 2022.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge